### F. W. COELER v. THE SUCCESSION OF C. T. ABELS.

Admissions by a deceased person, proved by a witness who cannot be contradicted, much less convict-ed of perjury, are the weakest kinds of evidence, and scarcely worthy of any belief.

APPEAL from the Second District Court of New Orleans, *Howell, J. Cutler & Hawkins*, for appellant. *Budd & Lambert*, for appellee.

ILSLEY, J. The plaintiff-in this suit claims, from the succession of Charles T. Abels, three promissory notes described in his petition, and also the sum of two hundred and fifty dollars, all of which he avers repre-sents his half of the proceeds of the fixtures and good will of the Casino House, situate at the corner of Union and Carondelet streets.

The notes had been, previous to the 24th January, 1861, in the plain-tiff's possession, when, at the instance of the administratrix, he was ordered by the Court to deliver them to the clerk thereof.

There is no evidence in the record, except that of the brother of the plaintiff, to prove his demand, and he makes the following statement in regard to it:

He says: "I know it was agreed between Mr. Abels and my brother, that whatever the house alluded to would bring, they would divide the proceeds thereof. The house was sold to Charles Bostier for three thou-sand five hundred dollars. It was paid in a check of two thousand dollars and three notes, payable in the Bank of America, each note for five hund-red dollars. The notes Abels gave me to deliver to my brother. He gave them to me because they were part of the payment of the house.

"I gave the notes to my brother.

"They are the same three notes that my brother gave up, by order of

58

this Court, to the administratrix."

In another examination, the same witness repeats substantially what he had previously said, with some additional remarks, to the effect that the notes were handed to him by Abels in the manner and with the request as to the disposal of them by me as before stated. That when the witness received the notes, his brother was absent from the city; but on his return, a week after he had received the notes, he handed them to him.

He says that his brother and Mr. Abels were on very intimate terms for years. The plaintiff was doing a very fair business at that time. Mr. Abels was started in business first, by the plaintiff, on the corner of St. Charles and Conti streets.

The witness knows that his brother was the lessee of the house. He identifies the three notes, A, B and C, as the same which were handed to him by Mr. Abels for his brother, who put them in his bank box, kept in the Bank of Louisiana.

The evidence of this witness, and the fact that Casino House was leased to the plaintiff and not to Abels, that he was dispossessed of the notes by order of the Court, and that the administratrix now holds these notes as succession property, is the case presented by the plaintiff.

The administratrix has not succeeded in gainsaying the witness, D. W. Coeler, and his evidence will therefore receive all the weight to which it is legally entitled.

It must, however, be borne in mind that the plaintiff has no other evidence of his connection with Abels, than that furnished by his brother.

This Court has often said, that admissions by a deceased person, proved by a witness who cannot be contradicted, much less convicted of perjury, are the weakest kinds of evidence, and scarcely worthy of any belief.

But if supported by other facts, such admissions may establish a claim.

Now, it is shown as a fact to which the witness (Coeler) might properly testify, that previous to the death of Abels, and indeed, from the day of the passing of the sale from Abels to Bostier, his brother, the plaintiff, held these notes as the owner of them, and we have seen that his possession of them was anterior to that of the administratrix. Had not the plaintiff been ordered by the Court to deliver up these notes, he would have occupied the position of defendant instead of plaintiff in a suit to test the ownership of them, and the onus of proof would then have devolved on the succession to show that the notes belonged to it.

We cannot, therefore, consider the plaintiff as a suspicious suitor, setting up, for the first time, his claim to these notes.

Had he never possessed the notes, and he was urging his claim to them only after Abels's death, he would have derived but little benefit from the admissions or acknowledgment of Abels, as proved by his witness; but placing him in his proper attitude, and considering the other facts prop-

erly proved, we cannot but give credence to the statement made by the witness, Coeler, as to the admission of Abels, that the price of the property sold belonged jointly and equally to him and the plaintiff.

Our attention has been called to the evidence of C. Bostier, in order to draw from it a different state of facts to those proved by Coeler; but after an attentive perusal of it, we cannot 'perceive' any discrepancy between the two statements.

We will merely modify the judgment rendered by the Court below.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be so amended as to order that the sum of two hundred and fifty dollars and interest be paid in due course of administration, and so amended that it be affirmed with costs, to be paid by the appellant.

HOWELL, J., recused.